UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

D.M.H.
Minor Child, by and through next best friend
biological father, Eric De'Juan Jones                                                  PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:14-cv-88-CWR-FKB

UNKNOWN WARDEN OF OAK CIRCLE, et al.                             DEFENDANTS


REPORT AND RECOMMENDATION

Eric De'Juan Jones filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, urging this Court to take action with respect to his minor son, whom he believes to be at Mississippi State Hospital in Whitfield, Mississippi. [1]  Respondent has moved to dismiss the petition. [4]  Having considered the parties' filings in this matter, the undersigned recommends that Respondent's Motion to Dismiss be granted.

Jones asserts that his son is being wrongfully held at Whitfield, accused of disorderly conduct.  However, Jones failed to comply with Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts regarding the form required for a habeas petition.  Nor has Jones submitted any documentation supporting his naked assertion that his son is at Whitfield, much less that he is there involuntarily.  Habeas relief pursuant to Section 2254 is only available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Jones has not demonstrated that this Court has jurisdiction and the Court need not

1

address Respondent's additional arguments that Jones has not stated a claim,[1] has no standing and has failed to exhaust administrative remedies, though it appears that those are all applicable and alternative grounds for dismissing the instant petition.

Jones has not provided the Court with a commitment order or any other document indicating that his son is in fact in the custody of the State of Mississippi. Had Jones used the proper form for the petition, or provided the information required by the form, it might have been possible to verify that his son is in custody. However, without any information to support Jones's assertion that the Court has jurisdiction because he believes his son is at Whitfield involuntarily, this action cannot proceed. Accordingly, the undersigned recommends that the instant petition be dismissed.

Moreover, Jones indicates in his petition that the child's mother has/had custody of the child, whose paternity had apparently only been confirmed relatively recently, and that he was supposed to get custody when he got out of jail. Again, however, Jones has not filed anything with this Court to support his allegations. "The burden is on the 'next friend' to clearly establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990)(next friend status not automatically granted). Jones has not established to the Court's satisfaction "next friend" status with respect to D.M.H.

Nor has Plaintiff exhausted available state remedies. Miss. Code Ann. § 43-21-101, *et seq.* governs youth court matters and provides an appeal procedure. Jones has not demonstrated

---

[1] Jones's allegation is that his son was "abducted...without notice, consent and hearings or opportunity of biological father to appear, protect, defend, speak in objection of the Mississippi Department of Health and Human Services adverse interests to seize, discipline, retain in custody, control or otherwise detention." [1] at 3.

that he pursued an appeal of any final youth court order pursuant to Miss. Code Ann. § 43-21-651.

Based on the foregoing, the undersigned recommends that Respondent's Motion be granted and the instant petition be dismissed.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b).

Respectfully submitted, this the 26th day of May, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
